UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LISA RIVERA,                                        Docket No. 20-CV-1577 (JGK)(BCM)

                              Plaintiff,            **ANSWER TO**
                                                    **AMENDED COMPLAINT**

            -against-

170 KINGSBRIDGE PISTILLI LLC, PISTILLI
REALTY GROUP and ANTHONY PISTILLI,

                              Defendants.
-------------------------------------------------------------------X

Defendants 170 Kingsbridge Pistilli LLC, Pistilli Realty Group and Anthony Pistilli (collectively, "Defendants"), by their attorney Meltzer, Lippe, Goldstein & Breitstone, LLP, as and for their Answer to the Amended Compliant ("Complaint") filed by Plaintiff on July 20, 2020 (ECF No. 20), respond as follows:

## STATEMENT OF CLAIMS

1.      Defendants deny the allegations in paragraph "1" of the Complaint.[1] To the extent the allegations set forth a legal conclusion, no response is required.

Answer to first paragraph "2" of the Complaint: Defendants admit Plaintiff states she seeks to proceed as provided in the first paragraph "2", but otherwise deny the allegations contained therein.[2]

Answer to first paragraph "3" of the Complaint: Defendants admit Plaintiff states she seeks to proceed as provided in the first paragraph "3," but otherwise deny the allegations contained therein.

---

[1] All references to "paragraph(s)" herein are to paragraphs of the Complaint.

[2] The Complaint contains two paragraphs numbered "2" and two paragraphs numbered "3". For ease of reference, responses are numbered to correspond with the second set of paragraphs "2" and "3".

4823-8148-1674, v. 4

2.     The second paragraph "2" sets forth legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations.

3.     Defendants admit Plaintiff states she seeks to proceed as provided in the second paragraph "3," but otherwise deny the allegations contained therein.

4.     Defendants admit Plaintiff states she seeks to proceed as provided in paragraph "4"; Defendants provide no response to legal conclusions, as none are required; and Defendants deny any remaining allegations contained therein.

## JURISDICTION AND VENUE

5.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5," except admit Plaintiff is a tenant in the apartment complex located at 170 W. Kingsbridge Road, Bronx, New York. Defendants deny all other allegations to the extent a response is required thereto.

6.      Paragraph "6" sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations.

7.     Paragraph "7" sets forth a legal conclusion for which no response is required, except Defendants admit 170 Kingsbridge Pistilli LLC is a domestic limited liability company with its principal County of business designated as Bronx County. Defendants deny all other allegations to the extent a response is required thereto.

8.     Paragraph "8" sets forth a legal conclusion for which no response is required, except Defendants admit that 170 Kingsbridge Pistilli LLC is a domestic limited liability company with its principal County of business designated as Bronx County. Defendants deny all other allegations to the extent a response is required thereto.

4823-8148-1674, v. 4

9.      Paragraph "9" purports to set forth legal statutes for which no response is required. To the extent the paragraph sets forth legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statutes, which speak for themselves.

10.     Paragraph "10" purports to set forth legal statutes for which no response is required. To the extent the paragraph sets forth legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statutes, which speak for themselves.

11.     Paragraph "11" purports to set forth a legal statute for which no response is required. To the extent the paragraph sets forth legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statute, which speaks for itself.

12.     Paragraph "12" purports to set forth a legal statute for which no response is required. To the extent the paragraph sets forth legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statute, which speaks for itself.

**PARTIES**

13.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13," except admit Plaintiff is a tenant in the apartment complex located at 170 W. Kingsbridge Road, Bronx, New York.

14.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14."

4823-8148-1674, v. 4

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15."

16.     Paragraph "16" sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17."

18.     Defendants admit 170 Kingsbridge Pistilli LLC is a limited liability company authorized by the Secretary of State of New York to do business in New York State, with its principal County of business designated as Bronx County. Defendants deny all remaining allegations contained in paragraph "18."

19.     Paragraph "19" sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations, except admit that the apartment building where Plaintiff is a tenant contains more than four units and is owned by 170 Kingsbridge Pistilli LLC.

20.     Defendants deny the allegations in paragraph "20."

21.     Defendants deny the allegations in paragraph "21."

22.     Paragraph "22" sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants deny the allegations.

23.     Defendants deny the allegations in paragraph "23," except admit that Anthony Pistilli is an adult individual.

24.     Defendants admit the allegations in paragraph "24," except provide no response to the legal conclusion that 170 Kingsbridge Pistilli LLC is a "multifamily apartment building."

4823-8148-1674, v. 4

25.     Defendants deny the allegations in paragraph "25."

## STATUTORY SCHEME

26.     Paragraph "26" purports to describe legal statutes for which no response is required. To the extent the paragraph sets forth legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statutes, which speak for themselves.

27.     Paragraph "27" purports to describe legal statutes for which no response is required. To the extent the paragraph sets forth legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statutes, which speak for themselves.

28.     Paragraph "28" purports to describe a legal statute for which no response is required. To the extent the paragraph sets forth legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statute, which speaks for itself.

29.     Paragraph "29" purports to describe a legal statute for which no response is required. To the extent the paragraph sets forth legal conclusions, no response is required. To the extent a response is required, Defendants deny the allegations and respectfully refer the Court to the cited statute, which speaks for itself.

## FACTUAL BACKGROUND

30.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30", except admit that Plaintiff is a tenant in the apartment complex located at 170 W. Kingsbridge Road, Bronx, New York. Defendants deny all other allegations to the extent a response is required thereto.

4823-8148-1674, v. 4

31.     Defendants deny the allegations contained in paragraph "31."

32.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32."

33.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33."

34.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34."

35.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "35."

36.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36."

37.     Paragraph "37" sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth thereof.

38.     Paragraph "38" sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth thereof.

39.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "39."

40.     Defendants deny the allegations in paragraph "40."

41.     Defendants deny the allegations in paragraph "41."

4823-8148-1674, v. 4

42.     Paragraph "42" sets forth a legal conclusion for which no response is required. To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth thereof.

43.     Defendants deny the allegations in paragraph "43," except admit that Plaintiff executed a two-year Renewal Lease with Defendants on June 29, 2018.

44.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "44."

45.     Defendants deny the allegations in paragraph "45."

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "46."

47.     Defendants deny the allegations in paragraph "47."

48.     Defendants deny the allegations in paragraph "48."

49.     With respect to paragraph "49," Defendants admit that Plaintiff has requested certain accommodations, but deny that same are reasonable or required by law. Defendants also deny failure to respond to the requests.

50.     Defendants deny the allegations in paragraph "50."

51.     Paragraph "51" contains legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations, except for those in the last sentence of paragraph "51," for which Defendants deny knowledge or information sufficient to form a belief as to their truth.

**Building Elevator**

52.     Paragraph "52" contains legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations, except for those in the

second sentence of paragraph "52," for which Defendants deny knowledge or information sufficient to form a belief as to their truth.

53.     With respect to paragraph "53," Defendants deny knowledge or information sufficient to form a belief as to their truth of the allegations set forth therein, except admit that the NYC Department of Buildings has issued violations related to the elevator, and respectfully refer the Court to the written violations to the full terms thereof.

**Elevator Renovation**

54.     Defendants deny the allegations in paragraph "54," except admit that Plaintiff was notified that the elevator in her apartment complex would be out of service so it could be renovated and modernized.

55.     Defendants deny the allegations in paragraph "55."

56.     Defendants deny the allegations in paragraph "56," except admit that Defendants distributed a general written notice to all tenants, and respectfully refer the Court to same, which speaks for itself.

57.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57."

58.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58."

59.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59."

60.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60."

4823-8148-1674, v. 4

61.     Defendants deny the allegations in paragraph "61." Defendants also deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's minor son in paragraph "61" and footnote 1.

62.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "62."

63.     Paragraph "63" sets forth legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations.

64.     Paragraph "64" sets forth legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations.

65.     Paragraph "65" sets forth legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's minor son in paragraph "65" and footnotes 2-3.

66.     Paragraph "66" sets forth legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations.

67.     Paragraph "67" sets forth legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph "68."

69.     Paragraph "69" sets forth legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations.

70.     Paragraph "70" sets forth legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations.

4823-8148-1674, v. 4

71.     Paragraph "71" sets forth legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations.

72.     Paragraph "72" sets forth legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations.

## LEGAL CLAIMS

## FIRST CAUSE OF ACTION

### (Violations of the Fair Housing Act)

73.     Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "72" as if said statements were repeated herein at length in response to paragraph "73."

74.     Paragraph "74" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

75.     Paragraph "75" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

76.     Paragraph "76" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

4823-8148-1674, v. 4

77.     Paragraph "77" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

78.     Paragraph "78" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

79.     Paragraph "79" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

80.     Paragraph "80" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

81.     Paragraph "81" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

82.     Paragraph "82" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

83.     Paragraph "83" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

84.     Paragraph "84" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

4823-8148-1674, v. 4

85.     Paragraph "85" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

86.     Paragraph "86" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

87.     Defendants deny the allegations in paragraph "87."

88.     Paragraph "88" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

89.     Defendants deny the allegations in paragraph "89."

**SECOND CAUSE OF ACTION**

**(Coercion, Intimidation, Threatened, and Interference)**

90.     Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "89" as if said statements were repeated herein at length in response to paragraph "90."

91.     Paragraph "91" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

92.     Paragraph "92" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

93.     Defendants deny the allegations in paragraph "93."

4823-8148-1674, v. 4

### THIRD CAUSE OF ACTION

### (Violations of New York State Human Rights Law)

94.     Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "93" as if said statements were repeated herein at length in response to paragraph "94."

95.     Paragraph "95" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

96.     Paragraph "96" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

97.     Paragraph "97" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

98.     Paragraph "98" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

99.     Paragraph "99" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

4823-8148-1674, v. 4

100.    Paragraph "100" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

101.    Paragraph "101" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

102.    Paragraph "102" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

103.    Paragraph "103" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

104.    Paragraph "104" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

105.    Paragraph "105" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

4823-8148-1674, v. 4

106.    Paragraph "106" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

107.    Paragraph "107" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

108.    Paragraph "108" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

109.    Defendants deny the allegations in paragraph "109."

## FOURTH CAUSE OF ACTION

### (Violations of New York City Human Rights Law)

110.    Defendants repeat and incorporate by reference all denials, admissions and other responses to the allegations contained in paragraphs "1" through "109" as if said statements were repeated herein at length in response to paragraph "110."

111.    Paragraph "111" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

112.    Paragraph "112" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

113.    Paragraph "113" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also

purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

114.    Paragraph "114" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe a legal statute for which no response is required, and Defendants respectfully refer the Court to the cited statute, which speaks for itself.

115.    Paragraph "115" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe legal statutes for which no response is required, and Defendants respectfully refer the Court to the cited statutes, which speak for themselves.

116.    Paragraph "116" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

117.    Paragraph "117" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

118.    Paragraph "118" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe legal statutes for which no response is required, and Defendants respectfully refer the Court to the cited statutes, which speak for themselves.

119.    Paragraph "119" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

120.    Paragraph "120" sets forth legal conclusions for which no responses are required. To the extent responses are required, Defendants deny the allegations.

121.    Paragraph "121" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe legal statutes for which no response is required, and Defendants respectfully refer the Court to the cited statutes, which speak for themselves.

122.    Paragraph "122" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations. The paragraph also purports to describe legal statutes for which no response is required, and Defendants respectfully refer the Court to the cited statutes, which speak for themselves.

123.    Paragraph "123" sets forth legal conclusions for which no response is required. To the extent a response is required, Defendants deny the allegations.

124.    Defendants deny the allegations in paragraph "124."

## PRAYER FOR RELIEF

Defendants provide no responses, as none are required, to the legal conclusions set forth in the "WHEREFORE" clause and in subparts A-L, thereto. To the extent a response is required, Defendants deny those allegations. Defendants also deny all remaining allegations.

## JURY DEMAND

Defendants admit that Plaintiff demands a jury trial, but deny that Plaintiff has stated a claim for relief upon which a jury trial should be held, and otherwise deny all allegations in Plaintiff's "Jury Demand."

## ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein.

*     *     *

4823-8148-1674, v. 4

## DEFENDANTS' AFFIRMATIVE AND OTHER DEFENSES

125.    By way of further answer, Defendants assert the following affirmative and other defenses. In asserting these defenses, Defendants are providing notice to Plaintiff of the defenses Defendants intend to raise, and Defendants do not assume the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

126.    Plaintiff's Complaint, in whole or in part, fails to state a cause of action upon which relief can be granted as a matter of fact and law.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

127.    At all times relevant hereto, Defendants acted in good faith and did not violate any rights secured under any federal, state or local laws, rules, regulations or guidelines.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

128.    Plaintiff's Complaint fails to state a claim under federal, New York State, and/or New York City law upon which either pre-judgment or post-judgment interest, punitive, exemplary or liquidated damages, attorneys' fees or costs may be awarded.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

129.    Plaintiff has failed to exercise reasonable care to mitigate her damages, if any, and Plaintiff's right to recover against Defendants should be reduced and/or eliminated due to such failure.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

130.    Pendent, supplemental or other jurisdiction should not be exercised over Plaintiff's non-federal claims.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

131.    Plaintiff has failed to exhaust appropriate state and local remedies.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

132.    Providing the accommodations that Plaintiff requests will cause Defendants to suffer an undue hardship and/or incur costs that, facially, do not clearly exceed their benefits.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

133.    Defendants assert that at all relevant times they made, and continue to make, good faith efforts to reasonably accommodate Plaintiff, in compliance with federal, state and local law, to the extent such accommodations would not cause Defendants an undue hardship.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

134.    Defendants, at all-time relevant hereto, acted under the reasonable belief that their actions were in accordance with federal, state and local laws. At no time relevant hereto did the Defendants act in contravention of clearly established federal or statutory or constitutional rights of Plaintiff of which a reasonable person should have known.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

135.    Removal of any alleged structural and architectural barriers is not readily achievable.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

136.    Plaintiff's Complaint is barred, in whole or in part, by the applicable statutes of limitation, the doctrine of laches and/or unclean hands.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

137.    Defendants did not discriminate against Plaintiff within the meaning of federal, New York State, or New York City law.

4823-8148-1674, v. 4

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

138.     The apartment complex at issue is compliant with all federal, New York State, and New York City legal standards.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

139.     Plaintiff lacks standing to prosecute this action.

## AS AND FOR A FIFTHEENTH AFFIRMATIVE DEFENSE

140.     The premises at issue, when viewed in its entirety, are accessible and usable to individuals with disabilities and provide alternative means of access.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

141.     The premises at issue provide appropriate signage regarding accommodations offered to individuals with disabilities.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

142.     Plaintiff is not entitled to injunctive or equitable relief in this matter.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

143.     Defendants have not adopted any policy, practice, or custom violative of Plaintiff's rights pursuant to local, state, city or federal law, or any statutes, codes and regulations cited in the Complaint.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

144.     The Complaint fails, in whole or in part, because Plaintiff has not suffered any damages or injury as a result of any act or omission of Defendants.

4823-8148-1674, v. 4

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

145.    Plaintiff fails to state a claim under the statutes, codes and regulations cited in the Complaint because, to the extent Plaintiff is considered to have suffered from a "disability," Defendants were not aware of same and/or did not regard Plaintiff as "disabled."

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

146.    Defendant Anthony Pistilli cannot be held legally liable or responsible for any of the Complaint's alleged acts or omissions, and the Complaint fails to specifically allege any acts or omissions by Defendant Anthony Pistilli. Defendant Anthony Pistilli is also not a legal or corporate parent of the other, entity defendants. Defendant Anthony Pistilli should therefore be removed from this lawsuit and as a named party hereto.

*       *       *

4823-8148-1674, v. 4

## RESERVATION OF RIGHTS

Defendants reserve the right to amend their Answer as during the course of this litigation. Defendants also reserve the right to assert such additional defenses as may appear and prove applicable during the course of this action.

**WHEREFORE**, having fully answered Plaintiff's allegations, Defendants respectfully request the dismissal of the Complaint, with prejudice, an award of costs, including reasonable attorneys' fees incurred in the defense of this action, and such other and further relief as the Court deems just and proper.

Dated: Mineola, New York
September 10, 2020

MELTZER, LIPPE, GOLDSTEIN
& BREITSTONE, LLP

By: /s/ *Robert S. Plosky*
Robert S. Plosky, Esq.
Jonathan D. Farrell, Esq.
Loretta Gastwirth, Esq.
*Attorneys for the Defendants*
190 Willis Avenue
Mineola, New York 11501
(516) 747-0300
rplosky@meltzerlippe.com
jfarrell@meltzerlippe.com
lgastwirth@meltzerlippe.com

TO:      All Counsel Via ECF